■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [631 NYS2d 385] —In a purported proceeding pursuant to CPLR article 78 for a judgment declaring, *inter alia,* that the positions of six laborers at the Westchester County Center and certain computer specialists "exist in the employ of and the civil service of" the County of Westchester and that the persons holding these positions are included in the petitioner's collective bargaining unit, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 20, 1994, which dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a provision converting the proceeding into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the notice of petition deemed a summons and the petition deemed a complaint, and declaring that the subject employees did not occupy civil service positions; as so modified, the judgment is affirmed, with costs *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

For the purpose of defining the petitioner's bargaining unit, hourly employees such as the laborers at the Westchester County Center are treated as temporary employees and are therefore excluded from the bargaining unit *(Matter of Westchester County Empls. Union/Assn. of Mun. Empls. & Civ. Serv. Empls. Assn.,* 22 PERB ¶ 8002 [1989]).

Furthermore, the contract which was entered into by the County and EDP Temps, pursuant to which the County was furnished with "the computer specialists", is a normal contract

entered into by the government with an independent contractor and not a subterfuge to conceal an employer-employee relationship between the government and the contractor's employees (see, Matter of Westchester County Civ. Serv. Empls. Assn. v Cimino, 58 AD2d 869, affd 44 NY2d 985). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.